# Roberts v. Burgess.

*Statutory Claim Suit for Mules, Oxen, and Wagon.*

1. *Possession and ownership of husband and wife; implied admission, in rebuttal.*—Where the claimant is the wife of the defendant in execution (or attachment), and derives title to the property under bills of sale, or other written instruments from third persons; it is competent for the plaintiff to prove, in rebuttal, acts of ownership on the part of the husband, with the knowledge and consent of the wife, subsequent to the date of such written instruments, but prior to the levy.

2. *Parol evidence as to writings.*—The fact of the execution of a written instrument, when it comes in question collaterally or incidentally, may be proved by verbal testimony without producing the writing inself, no attempt being made to prove its contents.

3. *Objection to evidence partly illegal.*—An objection to evidence as a

[Roberts v. Burgess.]

whole, when a part of it only is illegal, may be overruled entirely, since the court is not bound to separate the legal and illegal portions.

4. *Form of judgment.*—On verdict for the plaintiff, in a statutory claim suit, it is immaterial whether or not he has already recovered judgment in the original attachment suit; since the property is only condemned to the satisfaction of his judgment, if and when one is obtained, and no execution, except for costs, can issue against the claimant until such judgment is obtained.

5. *Assessing separate value of articles sued for.*—When the separate value of the several articles sued for is assessed by the jury, and their verdict is set out in the judgment, it is not necessary that the separate value as assessed shall be therein repeated.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES W. LAPSLEY.

This was a statutory trial of the right of property in and to several mules, a yoke of oxen, wagon, and other articles, between W. H. Burgess, plaintiff in attachment against John T. Roberts, and Mrs. Dora Roberts as claimant, who was the wife of said John T. The plaintiff's attachment was sued out on the 21st October, 1886, and was levied on the same day. On the trial, a bill of exceptions was reserved by the claimants, which states the facts thus: "The plaintiff introduced his attachment and levy, and evidence tending to show that the property was, at the time of the levy, in the possession of the defendant in attachment; and there rested his case. The plaintiff [claimant?] then offered the following papers, marked Exhibits A, B, and C, and then introduced John T. Roberts as a witness, whose evidence tended to prove the execution of said [?] one of said papers, and to identify the property therein described as the property levied on and here in controversy." ("Exhibit A," here set out, is a bill of sale for a mule, executed by T. G. Truitt to Mrs. Dora Roberts, dated December 1st, 1876 (?), and reciting the payment of $150 as its consideration; "Exhibit B" is a receipt signed by J. H. Baugh, dated May 16th, 1885, and acknowledging the payment of $45 by B. H. Bigham, for two oxen, "being the same now in his possession, which were driven to LaGrange yesterday by John T. Roberts;" with an assignment, or transfer thereof, without recourse, from said Bigham to Mrs. Dora Roberts, dated September 5th, 1886; and "Exhibit C" is a written assignment, or transfer, without recourse, by W. C. Young to Mrs. Dora Roberts, of all his title and interest in five mules, conveyed by John T. Roberts to S. P. Smith, by mortgage dated March 3, 1883, and transferred by said Smith to Young, the transfer to Mrs. Roberts being dated September

13

[Roberts v. Burgess.]

29th, 1886.) "While said J. T. Roberts was on the stand, plaintiff asked him about a certain mortgage he had given to Eady & Co. on the property in controversy, stating that said mortgage was given before the levy; to which question he answered, that he gave the mortgage, but the property was his wife's, and that she was present when the mortgage was given, and consented to the same. Plaintiff then asked him about a mortgage to one Truitt, given subsequently to the levy; and witness answered, that he gave the mortgage. Plaintiff then asked him about a certain mule described in said mortgage in the same words as in the levy in this case; and witness answered, that it was the same mule, but it was wrong—that he intended to give the mortgage on another mule. Plaintiff offered in evidence the mortgages to Eady & Co., and to Truitt; to which the claimant objected, because the execution of the mortgages was not proved; which objection the court sustained, and excluded the mortgages. Claimant then moved the court to exclude all the evidence of said witness relating to said mortgages, because the same was incompetent and illegal; which motion the court overruled, and the claimant excepted."

The jury returned a verdict finding the issue in favor of the plaintiff, and assessing 'the value of each mule, the yoke of oxen, wagon, &c., separately. The judgment sets out this verdict, and then proceeds: "It is therefore considered by the court, that the property levied on and claimed is the property of the defendant in attachment, and liable to the satisfaction of the attachment; and the said property, to-wit, one yoke of oxen, one wagon," etc., "described in the levy and in the claim filed, is condemned to sale, to satisfy the judgment rendered against the defendant. It is therefore considered by the court, that the plaintiff recover of the claimant the costs in this behalf expended, for which execution may issue. It is further considered by the court, that if the property claimed is not returned to the sheriff, within the time limited by law, proceedings may be had as provided by law in such cases."

The judgment of the court, and its ruling on evidence above stated, are now assigned as error.

J. M. & E. M. OLIVER, for appellant.

N. D. DENSON, contra.

[Roberts v. Burgess.]

CLOPTON, J.—In this proceeding, which is a statutory trial of the right of property, the issue joined was, whether the property levied on is the property of the defendant in attachment, and liable to its satisfaction. The claimant, for the purpose of disproving the *prima facie* case made by the plaintiff, introduced in evidence certain transfers under which she claimed to have acquired title. In rebuttal, it was admissible for the plaintiff to show the exercise of acts of ownership by the defendant in attachment, of which the claimant had knowledge, and to which she made no objection. Proof that before the levy of the attachment he mortgaged the property to another creditor, and that claimant was present and consented to the same, was competent and relevant. There was no attempt to prove the contents of the mortgage; and that proof of the mere fact of execution, when the mortgage comes in question . collaterally or incidentally, may be made without its production, has been settled in several cases.—*Green v. Jordan*, 83 Ala. 220; *Hancock v. Kelly*, 81 Ala. 368; *Snodgrass v. Bank*, 25 Ala. 161. If conceded that the evidence relating to the mortgage made after the levy was illegal, it not appearing that claimant had knowledge thereof, the motion to exclude goes to the whole evidence respecting both mortgages; and a part being legal, the court committed no reversible error in overruling the motion.—*Glaze v. Blake*, 56 Ala. 379; *Hays v. Woods*, 72 Ala. 92.

There is nothing objectionable in the form of the judgment. When an attachment is levied on property, to which a claim is interposed under the statute, it is immaterial whether or not, at the trial of the claim suit, a judgment has been rendered on the attachment. Whether or not rendered, the plaintiff is entitled, if the issue is found in his favor, to a judgment, that the property is subject to the levy of the attachment, and of condemnation to the satisfaction of the judgment if one has been or shall be obtained. Such is the effect of the judgment in this case. The record does not show that a judgment had or had not been rendered in the attachment suit; but, if not, the claimant can suffer no injury, since no execution, except for costs, can issue, until there is a recovery of judgment against the defendant in attachment. *Seamans v. White*, 8 Ala. 656.

The value of the different items of property was assessed separately, in substantial conformity to the statute.—Code, 1886, § 3007; *Townsend v. Brooks*, 76 Ala. 308.

Affirmed.