[Ellis v. Batson.]


# Ellis *v.* Batson.

### Trespass to the Person and Trover.

(Decided April 9, 1912.   58 South. 193.)

1. *Contracts; Illegal and Immoral Transaction; Relief.*—Under section 211, Code 1907, it is the County Treasurer's duty to receive and keep the county's money and to disburse it according to law, and he cannot lawfully delegate this duty; hence, such Treasurer has no right of action against one of his bondsmen for damages sustained by reason of the bondsmen's embezzlement of county funds, where he delegated to such bondsman the duty of receiving and accounting for the money coming into his hands as such Treasurer.

2. *Same.*—A party to an illegal contract cannot recover from the other party money received by him under and by virtue of the contract, by an action on the contract, or on the common counts, or for a conversion.

3. *Same; Requisites and Validity; Illegal Object.*—Contracts prohibited by law or contracts the making and enforcement of which constitute a violation of a law enacted for regulation and protection, and not merely for revenue purposes, are void and unenforceable.

4. *Estoppel; Illegal Transaction.*—Vitality cannot be injected into an illegal transaction by way of estoppel so as to cause a waiver of the right to the defense of illegality.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Frank H. Ellis against J. P. Batson for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

The gravamen of the complaint is that plaintiff was elected treasurer of Coosa county in 1904, and again in 1908, and that he assumed and discharged the duties of his office until about March 15, 1910, when he was compelled to resign; that defendant was one of his bondsmen, and that he procured the defendant for a valuable consideration, the defendant being at that time a banker and residing at the county seat, to keep

his books as treasurer of said county, and to receive, take care of, and account for the money that came into plaintiff's hands as such treasurer; and that the defendant agreed and undertook to discharge such duty. This agreement was renewed between plaintiff and defendant during plaintiff's second term as treasurer; and by virtue of such agreement, the defendant received a large amount of money for the plaintiff from the tax collector and other persons, belonging to said county, and that from time to time the defendant fraudulently appropriated to his own use, converted, and embezzled $5,000 of the money which had been turned over to him from the plaintiff. Then follows an account of the examination of books, the finding of the shortage, the indictment of the plaintiff for embezzlement of the county funds, his forced resignation to prevent impeachment, his failure to make bond, and his constant confinement in jail under said indictment, the necessity of employing attorneys, his liability for the money embezzled, his great humiliation and mental anguish, and his deprivation of the fees and emoluments of the office from the time of his resignation to the date of the expiration of his term, all of which damages are alleged to be the proximate result of defendant's wrong. Counts 2 and 3 are in all respects similar to count 1, except they go more into detail. The demurrers raise the proposition discussed in the opinion. After the demurrers were sustained, the plaintiff amended his complaint by adding counts "a" to "e"; the first four being for conversion of money, and the other being on the contract.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. Public policy does not prevent a public officer from appointing a deputy even though the deputy is to have a

certain per cent of the fees of the office.—*Rowan v. Chenoweth,* 87 Am. St Rep. 796.  An agent's duty forbids him from disputing the principal's right or title to property or funds received by him from his principal.—*Hungerford v. Moore,* 65 Ala. 232; 31 Cyc. 1481. A deputy appointed without provision of law is to be regarded as an agent or servant of the officer.—29 Cyc. 1395.  A bailee cannot dispute the title of his bailor, and must restore the goods received.—*Powell v. Robinson,* 76 Ala. 423; *Riddle v. Blair,* 148 Ala. 463.  Under the facts in this case, plaintiff was entitled to recover not only for the money lost but for his humiliation and other damages.—*White v. Cook,* 90 Am. St. Rep. 775.

WHITSON & HARRISON, and E. V. JONES, for appellee.  The contract set up is an illegal contract and void as contrary to law and against public policy.— Secs. 211, and 7485, Code 1907.  To permit another to use county funds is to render the treasurer guilty of embezzlement without regard to the intent.—Sec. 6838, Code 1907; *Newson v. State,* 107 Ala. 137; *Carl v. State,* 125 Ala. 91.  He had no authority to deposit the same with a bank or an individual, or to turn over to an individual any part of such funds.—*Alston v. State,* 92 Ala. 124; *Clisby v. Mastin,* 150 Ala. 132.  The contract was therefore illegal, and against public policy, and no rights can spring from or be rested upon such a contract.—*Fambro v. Gantt,* 12 Ala. 298; *Collier v. Windham,* 27 Ala. 291; *Youngblood v. Bir. T. & S. Co.,* 95 Ala. 526; *Armour P. Co. v. Vinegar B. L. Co.,* 149 Ala. 209; *W. U. T. Co. v. Waters,* 139 Ala. 652; 138 Ala. 243; 54 Ala. 150; 93 Ala. 503; 83 Ala. 291; 87 Ala. 431; 125 Ala. 378; 162 Ala. 396; 65 Am. St. Rep. 647.  Under these authorites it must be held that the money could not be recovered back on the common

counts. The parties were in pari delicto, and neither is entitled to any relief against the other.—1 Paige on Contracts, sec. 519; 6 L. R. A. 458; 13 Am. St. Rep. 292; 44 N. E. 353, and authorities supra. Plaintiff was not the owner of money but the county was, and hence, he was not in a position to recover. Vitality cannot be injected into an illegal transaction by way of an estoppel.—Authorities supra.

ANDERSON, J.—Section 211 of the Code of 1907, in declaring the duties of a county treasurer, among other things, says: "It is the duty of the county treasurer— (1) To receive and keep the money of the county and to disburse the same according to law." This is an imperative and nondelegable duty, and any breach of same is a violation of law.—Section 7485 of the Code of 1907. Construing the complaint, counts 1, 2, and 3, most strongly against the pleader on demurrer, we are of the opinion that the contract upon which the plaintiff's action is grounded directly contravenes the statute, and is therefore void, not only as violative of the law, but as being contrary to public policy. Whether or not the statute would prevent a special deposit of the fund, as distinguished from a general deposit, or special bailment, such as sending funds by express, we need not decide, as it is evident that the arrangement, as set up in the complaint, is more than a mere special deposit for safe-keeping or transmission of the fund; it shows an unauthorized delegation of the duty of the plaintiff to Batson of receiving, keeping, and accounting for the county funds covering a series of years, and is in violation of the statute. While the statute does not authorize the county treasurer to have a deputy, it might be that he could employ a bookkeeper or clerk to assist him; but he cannot, under the law,

delegate to said clerk or bookkeeper the unqualified right and duty of being the general custodian of the public funds, or the right to receive, keep, and account for same. It may be conceded that there was no conversion of the funds, so as to render the plaintiff guilty of a felony, as defined by section 6838 of the Code, upon the theory that Batson was a bailee, and not a debtor, and that this case might not therefore fall within the rule declared in the cases of *Alston v. State,* 92 Ala. 124, 9 South. 732, 13 L. R. A. 659, and *Clisby v. Mastin,* 150 Ala. 132, 43 South. 742, 124 Am. St. Rep. 64; yet the complaint does set out a state of facts plainly forbidden by law, whether it does or does not set up a conversion of the funds by the plaintiff, or the permissive use of same by another, and which point we need not decide.

It has been repeatedly held by the courts that contracts specially prohibited by law, or the enforcement of which violated a law, or the making of which violated the law which was enacted for regulation and protection, as distinguished from a law created solely for revenue purposes, is void and nonenforceable.—*Sunflower Co. v. Turner Supply Co.,* 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; *Youngblood's Case,* 95 Ala. 523, 12 South. 579, 20 L. R. A. 58, 36 Am. St. Rep. 245; *Western Union Co. v. Young,* 138 Ala. 243, 36 South. 374. Whenever a party requires the aid of an illegal transaction to support his case, he cannot recover.—*Yarborough v. Avant,* 66 Ala. 526; *Gunter v. Leckey,* 30 Ala. 591; 5 Mayfield's Digest, 219, § 207. It is sufficient to say that the trial court did not err in sustaining the demurrers to counts 1, 2, and 3.

Whether or not there is a sufficient argument to cause a consideration of the ruling upon the amended counts, or whether or not the appellant is precluded

by the statement of counsel that, if the demurrers to the original counts were correctly sustained, they should also be sustained to the amended counts, we need not decide; for it is well settled that the plain-tiff cannot, as an individual, recover the funds under the common counts, if received by the defendant in violation of the law, or for a conversion of same.— *Bluenthal v. Headland*, 132 Ala. 249, 31 South. 87, 90 Am. St. Rep. 904; *Marsicano v. Birmingham*, 165 Ala. 405, 51 South. 608; *Treadwell v. Torbert*, 119 Ala. 279, 24 South. 54, 72 Am. St. Rep. 918; *Higgins v. McCrea*, 116 U. S. 671, 6 Sup. Ct. 557, 29 L. Ed. 764; *White v. Barber*, 123 U. S. 392, 8 Sup. Ct. 221, 31 L. Ed. 243. Nor can vitality be injected into the illegal transaction by way of estoppel, so as to cause a waiver of the right to such a defense.—*Boyett v. Standard Co.*, 146 Ala. 554, 41 South. 756; *Western Union Co. v. Young*, 138 Ala. 240, 36 South. 374. Of course, the county could, no doubt, recover the funds belonging to it from Batson; but the plaintiff cannot, as an individual, and for his own benefit, maintain a suit for a breach of the illegal contract, or for moneys received by the de-fendant under and by virtue of said illegal contract or transaction, or for a conversion of funds received thereunder.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, SAYRE, and SOMER-VILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.