[McLendon v. Rubenstein.]


# McLendon *v.* Rubenstein.

*Assumpsit.*

(Decided April 17, 1913.  61 South. 902.)

1. *Appeal and Error; Favorable to Appellant.*—An appellant cannot complain of error of the trial court favorable to him.

2. *Set-Off and Counter Claim; Mutuality of Claim.*—A plea attempting to set up a cause of action against a third party as a set-off or recoupment is not sufficient where it does not properly connect such third party with the plaintiff, or show that plaintiff was liable for the acts of such third party.

3. *Landlord and Tenant; Recoupment; Sufficiency.*—Where the action was for rent, a plea recouping damages because of the loss of a sub-tenant, caused by a notice to quit given to defendant by plaintiff, is insufficient where there was no showing that plaintiff did not rightfully give notice to quit, as the presumption is that such notice to quit was rightfully given.

4. *Same; Replication.*—Where the action was for rent, and the pleas were recoupment because of the loss of the sub-tenant on account of notice to quit, replications setting up that defendant had no right to sub-rent, that his tenancy was at will, and that the landlord had a right to terminate his tenancy at any time by giving notice as he did, and that defendant had not rented the premises for the period for which he sub-rented it, and therefore had no right to sub-rent, stated a complete defense to the plea and was not demurrable.

5. *Evidence; Best and Secondary; Letter.*—Where the question did not call for the contents of the letter, but only for the fact of the existence or receipt of the letter, a witness is properly permitted to testify as to such a letter received by him from the adverse party.

6. *Trial; Objections; Time.*—Where a question calls for competent evidence it must be objected to before it is answered, else the objection comes too late.


APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Sam Rubenstein against J. C. McLendon to recover rent, begun by attachment. Judgment for plaintiff, and defendant appeals. Affirmed.

The defense was as set up in plea 3, as amended, that defendant had rented from Mrs. B. G. Rubenstein a

certain house and lot situated in Luverne from the 1st day of September, 1909, to the 1st day of September, 1910, and that this suit was brought to recover the alleged rent due on said house and lot, but soon after defendant rented said house and lot from Mrs. Rubenstein, and while he had the same rented, he subrented a portion thereof to one Willis Woods at the agreed rental of $10 per month for eight months, and that before Woods had moved in or taken possession, but after the rental contract was made, Mrs. Rubenstein served the defendant with notice to quit and vacate said house and lot, and on account of same the said Woods refused to take, rent, or lease a portion thereof, and the defendant lost the agreed rental, which was $80, and that he offers to set off the same against the demand of the plaintiff. The same statement of facts is contained in plea 4, and on them is based an offer to recoup. The fifth plea states the facts in a different way, but materially conforming to the facts as stated in plea 3, with the additional allegation that, on account of the said notice, defendant was unable to rent said portion, to his damage in the sum of $80, which he offers to set off. The main difference between pleas 5 and 6 and 3 and 4 is that the word "plaintiff" is substituted in the place of Mrs. Rubenstein, where that name occurs in pleas 3 and 4.

Replications to which demurrers were overruled were as follows:

."(1) That the contract under which defendant held the house did not permit the defendant to sublet any part thereof, but on the contrary expressly provided that the house should not be sublet."

"(5) That plaintiff is not now nor has he ever been indebted to defendant in any amount.

[McLendon v. Rubenstein.]

"(6) Defendant was a tenant at will, and under the terms of the contract either party had a right to terminate the tenancy by serving the opposite party with written notice, giving 30 days' notice of an intention to terminate the contract.

"(7) Defendant had not rented the premises for the period set out in the plea, and hence was without legal right to enter into a contract with Woods for renting any part of the house or premises for the period set out in said plea."

M. W. RUSHTON, for appellant. The court erred in overruling demurrers to the replications to the special plea of recoupment.—*Fidelity M. L. I. Co. v. Batson,* 136 Ala. 334; *Adams v. Thomas,* 54 Ala. 175; *Barber's case,* 60 Ala. 433. The 5th replication should have been stricken.—*Watson v. Kirby,* 112 Ala. 436. It is no more than a general replication, and merely joins issue on the pleas.—*Wright v. Forgy,* 126 Ala. 389; *Bridges v. T. C. I.,* 109 Ala. 287; *Lee's case,* 102 Ala. 628. The 6th replication was clearly subject to demurrer.—*Zirkle v. Jones,* 129 Ala. 444; *Matthews v. Farrel,* 140 Ala. 298; *George v. M. & O.,* 109 Ala. 243, and authorities supra. The 7th replication was subject to the motion to strike and to the demurrers.—*McKimmie v. Forbes P. Co.,* 155 Ala. 261; *Lee v. DeBardelaben,* 102 Ala. 628; *Owensboro W. Co. v. Hall,* and authorities supra. The court erred in permitting the evidence as to the letter.—*St. Clair Co. v. Smith,* 112 Ala. 347.

W. H. STODDARD, for appellee. No brief reached the Reporter.

MAYFIELD, J.—The action is to recover rent for a storehouse. There were two counts, one special and

one common. The defendant pleaded the general issue, payment, set-off, and recoupment.

Demurrers were sustained to pleas 3 and 4, which were, respectively, set-off and recoupment. These pleas were subsequently amended, and two other pleas, numbered 5 and 6, were added, to all of which demurrers were overruled. To these pleas plaintiff filed eight special replications. The defendant moved to strike these replications. This motion being overruled, he demurred to each of the special replications. The court sustained the demurrer to replications 2, 3, and 4, and overruled it as to 1, 5, 6, and 7. The defendant complains as to each of these adverse rulings and assigns the same as error.

There was no reversible error as to any of these rulings of which the defendant does or can complain. Whatever reversible error there was, if any, as to the rulings on the pleadings, was favorable to the defendant; and of this he cannot complain.

The pleas as to which demurrer was sustained attempted to set up a cause of action against a third party as a set-off or recoupment to this action, without properly connecting the plaintiff with the matters set up in said pleas, and without showing, in any manner, that the plaintiff was liable for the acts of such third party. It is therefore too plain to require argument that they set up no defense to this action of the plaintiff.

The defense attempted to be set up by pleas 3 and 4 as amended, and by pleas 5 and 6, was that the defendant subrented the leased premises to one Woods for eight months at $10 per month, and that, before Woods entered or paid his rent, one Mrs. B. G. Rubenstein, the original landlord, served notice upon the defendant to vacate the premises, and that on account of this notice

Woods declined to take the premises or to pay the rent. These pleas, as amended, and pleas 5 and 6 were each insufficient as pleas of set-off or of recoupment. So far as appears from these pleas or from other parts of the record, the notice to vacate was proper and was no breach of any duty which the plaintiff owed the defendant. Construing the pleas against the pleader, we must presume that the act of the plaintiff or of Mrs. B. G. Rubenstein in giving the notice to vacate was proper.

The trial court, however, ruled in favor of the defendant (appellant here) and put the plaintiff to his replication. These replications, as to which demurrer was overruled, replied by merely setting up, affirmatively, the matters which showed that the notice to vacate was properly given and was no breach of any duty which the plaintiff owed the defendant. The first alleged that defendant had no right to submit the premises; the sixth that the lease contract was a tenancy at will, and that the plaintiff had the right to terminate it, on giving the notice complained of in these pleas; and the seventh alleged that the defendant had not rented the premises for the period for which he subrented to Woods, and therefore had no right to so subrent to Woods. Each of these replications was a complete answer to any right of action in the nature of a set-off or recoupment, as attempted to be set up in the pleas; and there was no error in overruling the demurrer thereto.

There was no error in overruling the defendant's objection to the question propounded to the plaintiff as to a letter he had received from the defendant. The question did not call for the contents of the letter, but only for the fact of the existence or the receipt of the letter, and no objection was made to the question until it was answered. The objection came too late. The

defendant could not be allowed to speculate on what the answer would be and, if unfavorable to him, to then object.

There was no error in refusing either of the defendant's requested charges; they were in effect the affirmative charge for the defendant; and there was ample evidence to support the verdict rendered for the plaintiff. Likewise there was no error in overruling defendant's motion for a new trial. We are not persuaded that any reason is shown why the verdict and judgment rendered should not stand. While there is conflict in the evidence, there is ample evidence to support the verdict and judgment rendered. The plaintiff testified that the defendant admitted owing the amount sued for, and promised to pay it.

Finding no error the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.