(89 South. 505,)

### GREIL BROS. CO. et al. v. McLAIN.
(3 Div. 437.)

(Supreme Court of Alabama.    May 12, 1921. Rehearing Denied June 23, 1921.)

1. Intoxicating liquors ⬅️103—Transfer of retail liquor license without compliance with statutes void.

The transfer of a retail liquor license without giving two weeks' notice by publication of the name and place of business of the transferee, and without the transferee making and filing with the excise commission an affidavit as to how the business would be conducted, or signing a bond approved by the excise commission, as required by Acts 1911, p. 259, §§ 14–18, held, being contrary to public policy and being without a legal consideration.

2. Evidence ⬅️159—Testimony as to existence of instruments not calling for contents, admissible.

In action involving the validity of a transfer of a retail liquor license claimed to be void for noncompliance with statutory requirements, made a condition precedent to transfer of the license, the transferee having personal knowledge as to whether the notice was published, the affidavit made, and the bond given as required by Acts 1911, p. 259, §§ 14–18, before the transfer was made, and before it could be approved by the excise commission, was properly permitted to testify as to nonexistence of such notice, affidavit, and bond, such evidence not calling for the contents of such instruments, but being testimony merely as to their existence.

3. Appeal and error ⬅️1040(2)—Failure to pass on demurrer to sufficient bill harmless.

Court's failure to pass on demurrer to amended bill was harmless where the bill was sufficient.

4. Intoxicating liquors ⬅️103—Transferee by sale of liquor under license not estopped from asserting invalidity of transfer.

Transferee, having sold whisky under a retail liquor license for six months, was not by reason thereof estopped from asserting that the transfer, not having been made in compliance with statutes prescribing conditions precedent, was void as against public policy and for want of a legal consideration.

5. Bills and notes ⬅️332—Transferee held not bona fide purchaser in view of knowledge of facts making transaction .void.

Purchaser of notes given to transferor of retail liquor license in consideration for transfer thereof, with knowledge that the transferee had been unable to obtain a license for himself and had obtained the license from the transferor without giving the notice, filing the affidavit and executing the bond required by Acts 1911, p. 259, §§ 14–17, could not recover on notes, or foreclose mortgage given as security therefor, since the transfer was void and the purchaser having knowledge of the facts was not a bona fide purchaser for value.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by M. P. McLain against the Griel Bros. Company and Carew Powell, to enjoin the foreclosure of a mortgage and to annul and cancel same. From a decree granting the relief prayed, respondent appeals. Affirmed.

Steiner, Crum & Weil, of Montgomery, for appellant.

See former report of . this case, 197 Ala. 136, 72 South. 410. The testimony offered in support of the bill fails signally to meet the requirements of the ' opinion in that case. The burden was on the complainant to prove fraud. 53 Ala. 197. The excise commission acts judicially in passing on applications for license. 177 Ala. 212, 59 South. 294; 179 Ala. 654, 60 South. 812; 181 Ala. 383, 61 South. 912; 184 Ala. 62, 63 South. 961. Therefore the record and proceedings of the commission were the best evidence, and parol evidence was not admissible. 149 Ala. 193, 43 South. 28; 150 Ala. 506, 43 South. 786; 1 Ala. App. 334, 56 South. 16; 65 Ala. 142. McLain occupying the position he does in this transaction cannot have relief in equity. 76 Ala. 251, 52 Am. Rep. 325 ; 119 Ala. 280, 24 South. 54, 72 Am. St. Rep. 918; 179 Ala. 596, 60 South. 889; 188 Ala. 641, 65 South. 951. The bill had no equity aside from the allegations of fraud, and, having acted under the license, McLain was estopped from attacking its issues. 73 Ala. 116; 85 Ala. 109, 4 South. 651; 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; 4 Ala. App. 548, 58 South. 805; 90 Ala. 150, 7 South. 467; 176 Ala. 248, 57 South. 757; 113 Ala. 436, 21 South. 928; 193 Ala. 327, 69 South. 97, Ann. Cas. 1918C, 969. The court should have required equity to be done. 193 Ala. 364, 69 South. 574; 189 Ala. 223, 66 South. 614. The corporation was bona fide purchaser of the notes and mortgages. 200 Ala. 351, 76 South. 117; 201 Ala. 616, 79 South. 48.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellees.

No other authority need be cited than the opinion of the court .on former appeal. The burden was on Powell and his confrères of

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proving the issuance and validity of the license. 108 Ala. 451, 18 South. 806, 54 Am. St. Rep. 177; 58 Ala. 66; 83 Ala. 84, 3 South. 711. The license was improperly transferred. 108 Ala. 463, 18 South. 806, 54 Am. St. Rep. 177; 100 Ala. 132, 14 South. 746. There was absolute want of consideration for the mortgage. 179 Ala. 444, 60 South. 876, 43 L. R. A. (N. S.) 664; 161 Ala. 620, 50 South. 83, 23 L. R. A. (N. S.) 496.

MILLER, J. This is a bill filed to cancel a mortgage and to secure a preliminary injunction to prevent its foreclosure, because void for want of consideration or failure of consideration, or fraudulent misrepresentations to secure it, or the contract on which it is based is contrary to public policy.

There was decree pro confesso against Carew Powell. The defendant Greil Bros. Company (appellant here) filed answer, denying the material averments of the bill, and claiming to be bona fide purchasers for value, without notice, of the notes and mortgage. This cause has been in this court before on appeal from decree on demurrers to the bill and on motion to dissolve the injunction. 197 Ala. 136, 72 South. 410.

The facts alleged in the bill are clearly stated in the former opinion, and it will not be necessary to repeat all of them here. It is now before this court on its merits.

On January 11, 1915, under permission and direction of the excise commission, for $1,500 cash, the probate judge of Montgomery county, Ala., with approval of the state auditor, issued license to Carew Powell to transact business as a retail liquor dealer at 118 and 120 Southside Highland avenue in the city of Montgomery until December 31, 1915. It had printed thereon: "This license is not transferable." The complainant had repeatedly tried, but failed, to secure a license from the excise commission to retail liquor at No. 944 Bell street, in said city of Montgomery. The next day, January 12, 1915, after said license was issued to Carew Powell, he sold, conveyed, and transferred it in writing to complainant, M. T. McLain, and L. H. McLain, for $1,500 cash, and for three notes aggregating $1,000 secured by said mortgage. The notes were signed by M. T. McLain and indorsed by his brother, L. H. McLain; the mortgage was executed by M. T. McLain and his wife; the notes and mortgage were made payable to Carew Powell.

Carew Powell owed defendant Greil Bros. Company about $1,800, and Young Johnson was security for it. This $1,500 cash was paid by complainant and his said brother to Young Johnson or to M. L. Greil, who was secretary and treasurer of Greil Bros. Company, in the presence of Young Johnson, and the notes for $1,000 and said mortgage were delivered to said M. L. Greil for Carew Powell at the same time the $1,500 cash was paid. From the evidence, it appears that the two McLains, Johnson, and M. L. Greil were present when the deal was closed. On January 14, 1915, Carew Powell sold, conveyed, and transferred the notes and mortgage to Greil Bros. Company, and it was credited on his debt to it.

It is clear from the evidence that Greil Bros. Company, Carew Powell, Young Johnson, and M. T. McLain and L. H. McLain, all understood and knew the facts in regard to the sale and transfer of the license and the consideration of the notes and mortgage before the $1,500 cash was paid and before the notes and mortgage were executed and delivered. On the very day the license was transferred and the notes and mortgage were executed, the complainant purchased whisky from Greil Bros. Company to commence selling under the license at No. 944 Bell street, in the city of Montgomery, and complainant and his brother under the transfer of the license to them by Carew Powell continued to sell liquor at said place until the law allowing liquor to be sold was repealed, to take effect July 1, 1915.

After the law was repealed the judge of probate remitted, under the law, to Carew Powell a warrant or check for $750.00, one-half of the amount paid for said license for 1915, and Carew Powell transferred the check or warrant to complainant and his brother. Carew Powell's license gave him the right to retail liquor at Nos. 118 and 120 Southside Highland avenue, in the city of Montgomery, during the year 1915. The law required before he could obtain it that he had to deposit with the excise commission $10; that notice of the name of applicant and place he desired to do business had to be published for two successive weeks in some newspaper in the city before the hearing of the application. At or before the hearing objections in writing to the granting of the license "against the applicant or place of business" could be filed by any qualified elector. If the application was granted before the license could issue, the applicant would have to make an affidavit of good conduct, as required by section 17 of the act of 1911, p. 260, and file it with the excise commission, and execute a bond in the sum of $1,000, with at least two good and sufficient sureties, conditioned as required by section 18 of said act of 1911, p. 261, which would have to be approved by the excise commission. Sections 14, 15, 17, and 18 of the act of 1911, p. 260.

Section 15 of this act (Acts 1911, p. 260) directs that—

"The commission shall hear any objections which may be made by any qualified elector of the city to the transfer of any license to another party * * * and it shall refuse to permit such transfer * * * if in their judgment the same should be refused."

In interpreting this act as to a transfer of a license to another person to retail liquor at

a different place in the city, this court in this case, on former appeal, through Justice Thomas, clearly expressed the intent and purpose of the act as follows:

"While the act did not prescribe the exact form of the transfer, it is clear that the transfer was designed to be made only to one ascertained (after notice by the commission) to be qualified to conduct the business, in like manner and under like conditions laid down for original applicants for license, and that the transferred business was to be conducted at an approved location, after notice, and under bond given by the substituted licensee as in the case of an original licensee. No reasonable construction of the act would warrant the transfer of a license to parties to whom a license would not be issued originally, nor authorize the transferee to engage in the liquor business at a place where an original licensee would not be permitted to engage therein. All the requirements and safeguards provided by the statute, as to a licensee, must be held to apply as well to a transferee of the license. Any other construction would render the act ineffectual, opening the door for evasion of the law, both in the way of securing license by persons not qualified and in the way of carrying on the business at improper or prohibited places."

Then the court in the same case declared:

"If, however, the permission was not obtained, and the transfer was not made as required by the statute, the transaction of purchase and transfer would have no binding effect."

The retail liquor license was issued to Carew Powell on January 11, 1915, to do business at 118 and 120 Highland avenue. The next day, January 12, 1915, this license was transferred by Carew Powell to M. T. McLain and L. H. McLain, to do business at No. 944 Bell street. From this and the other evidence, it is clear that two weeks' notice by publication of the name of the transferee and his place of business was not given as the law requires. The qualified electors had no opportunity by published notice to file objections to the transferee or his location. M. T. McLain testified, and it was competent and legal for him to do so, that no affidavit was made by him and filed with the excise commission as to how the business would be conducted, as required by section 17 of the act of 1911, pp. 260, 261. The evidence showed that the transferees of the liquor license did not sign a bond in the sum of $1,000, with two good and sufficient sureties, and file it with, and have it approved by the excise commission. This was necessary before a license should be granted, and it was necessary before a transfer of it to carry on business by another at a different place would be permitted and approved. Section 18, Acts 1911, p. 261; Greil Bros. Co. v. McLain, 197 Ala. 136, 72 South. 410.

[1] This contract to buy and to transfer the license—the statute not having been complied with—was void, and had no binding effect on the parties; there was no legal consideration. The parties could not make a valid contract of sale of the license without first complying with the requirements of the statute. This court on former appeal also wrote:

"It is apparent that a sale and transfer of a retail liquor license by a person to whom such license had been issued by the excise commission, otherwise than as specifically permitted by the statute, is contrary to public policy. Robertson v. Robinson, 65 Ala. 610, 39 Am. Rep. 17; Sunflower Lbr. Co. v. Turner Supply Co., 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20. Executory contracts as to such unauthorized sales and transfers, founded on an illegal consideration, are void and unenforceable."

This transfer of the license was void because contrary to public policy—the statute authorizing the transfer not having first been complied with.

[2] It was within the personal knowledge of the witness M. T. McLain as to whether the notice was published, the affidavit made, and the bond given as required by the statute, before the transfer was made and before it could be approved by the excise commission; and the court did not err in permitting him to testify on these subjects. The evidence called not for the contents of the notice or affidavit or bond, but whether they were ever in existence—ever made. The evidence is conclusive that they were never made. McLendon v. Rubenstein, 180 Ala. 615, 61 South. 902; Sales-Davis Co. v. Henderson-Boyd Lbr. Co., 193 Ala. 166, 69 South. 527; Roberts v. Burgess, 85 Ala. 192, 4 South. 733.

[3] The court on former appeal held the bill demurrable because it failed to aver that the liquor license was not properly and legally transferred to complainant by the excise commission. The bill was amended by complainant to meet this defect. The defendant demurred to the bill as last amended. The court below failed on final decree to pass on these demurrers. This is assigned as error. If error, it is without injury, as the bill as amended complies with the decision of this court in this case.

[4] This contract was void and nonenforceable because contrary to public policy, and without consideration—the statute not having been complied with; and the complainant, having sold whisky under it contrary to law for six months, would not thereby be estopped from setting up its infirmities. Ellis v. Batson, 177 Ala. 313, 58 South. 193; Boyett v. Standard Chem. & Oil Co., 146 Ala. 554, 41 South. 756.

The appellant insists that, if the contract is rescinded for fraud, an offer should have been made to place appellant in statu quo, and, not having done so, he is precluded now from a rescission. Carew Powell paid $1,500 for the license. The complainant and his brother gave $1,500 to Young Johnson or

Greil Bros. Company for him for the license, and notes for $1,000, secured by mortgage. The complainant does not seek to recover any part of the $1,500 paid by him and his brother to Carew Powell. Under the transfer of the license complainant and his brother sold whisky at their peril, and contrary to law, at 944 Bell street, until July 1, 1915, when the law was repealed. The unearned half of the license, for last half of year 1915, after the law was repealed was $750. It was paid to Carew Powell by warrant, and he transferred it to complainant and his brother. The three notes, aggregating $1,000, secured by mortgage, are outstanding and unpaid. When they are canceled and returned to complainant, the parties will be as near in statu quo as the law could place them.

[5] It is evident from the evidence that Carew Powell did not intend to retail liquor at his place of business for the year 1915; that with the influence of Young Johnson and Greil Bros. Company he could secure the liquor license from the excise commission; that complainant had tried and failed to obtain license to sell liquor; that license was obtained by Carew Powell, with the assistance of Johnson and Greil Bros. Company, to sell at a profit to complainant and his brother, to aid Carew Powell in paying all or some of his debt due Greil Bros. Company, for which Young Johnson was surety. The $1,000 mortgage, profits on the sale of the liquor license, was transferred to Greil Bros. Company. It is clear from the evidence that Greil Bros. Company was perfectly familiar with the facts of the transaction, and the moving spirit, aided by Young Johnson, in making the contract between Carew Powell and complainant and his brother. Greil Bros. Company is not, under the evidence, a bona fide purchaser for value, without notice, of the notes and mortgage. The license was not transferred as the statute requires. The evidence sustains the allegations of the bill of complaint as amended. Under the evidence and the law, as declared in this case on former appeal, the court below rendered proper decree. Greil Bros. Co. v. McLain, 197 Ala. 136, 72 South. 410.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.