HARWOOD, Justice.
Dr. Subba R. Alapati, the defendant in an action pending in the Madison Circuit Court, petitions this Court for a writ of mandamus directing Judge E. Dwight Faye, Jr., to vacate his March 27, 2001, protective order. That order provides that the plaintiff, the Healthcare Authority of the City of Huntsville doing business as Huntsville Hospital (hereinafter referred to as “the Hospital”), is not required to answer interrogatories or to produce documents relating to agreements it has entered into with physicians other than Dr. Alapati under its medical staff development assistance program. The petition for the writ of mandamus is denied.
On November 15, 2000, the Hospital sued Dr. Alapati, alleging that he had failed to make payments in accordance with the terms of a loan agreement originally executed by the parties on January 9, 1991, through the hospital’s medical staff development assistance program. The Hospital sought a judgment against Dr. Alapati in the amount of $10,920.42, representing the alleged unpaid balance on the loan, plus interest. On January 11, 2001, Dr. Alapati filed an answer denying the allegations of the Hospital’s complaint and pleading the affirmative defenses of the statute of limitations, waiver, illegality of contract, laches, and failure to state a claim upon which relief could be granted. Dr. Alapati sought discovery under Rule 26, Ala. R. Civ. P., filing interrogatories and a request for production. On March 9, 2001, Dr. Alapati filed a motion to compel, seeking an order from the trial court requiring the Hospital to respond to his discovery requests. On March 13, 2001, the trial court granted Dr. Alapati’s motion to compel, allowing the Hospital 14 days to respond.
On March 14, 2001, the Hospital filed a motion for a protective order and a request for a hearing; that motion stated, in pertinent part:
“Specifically, Huntsville Hospital requests this Court to enter a protective order precluding the defendant from proceeding with the following Interrogatories and Request for Production:
“ ‘INTERROGATORIES
“ ‘5. State whether or not plaintiff has ever made loans of similar nature as alleged in the Complaint to other physicians that have been waived, in whole or in part.
“ ‘6. State the name and address of each and every physician since 1991 who has participated in the Medical Staff Development Assistance Program as provided for by the Health Care Authority of the City of Huntsville.
“ ‘7. State the name and address of each and every physician who has received a loan under the Medical Staff Development Assistance Program, wherein said debt has been waived, in part or in whole.
“ ‘8. State the name and address of each and every physician who has participated in the Medical Staff Development Assistance Program who has received loans from said program, and who is in arrears under said program or has failed to pay according to the terms of the note signed under said program.
“ ‘9. State the name and address of each and every physician against whom plaintiff has filed suit pursuant to a loan made under the Medical Staff Develop *794 ment Assistance Program for repayment.
“ ‘REQUEST FOR PRODUCTION
“ ‘5. Legible copies of any and all documentation wherein the plaintiff has implemented a program under which it makes loans to physicians as alleged in plaintiffs Complaint or accompanying documentation.
“ ‘6. Legible copies of any and all documentation relative to the Medical Staff Development Assistance Program, including its terms, conditions and purpose.’
“As grounds for this motion, Huntsville Hospital shows unto the Court the following:
“1. This action is a collection action regarding an agreement or promissory note entered into between The Health Care Authority of the City of Huntsville, d/b/a Huntsville Hospital and defendant Subba R. Alapati, M.D. The terms of the agreement between the parties are clearly set out in the promissory note which was attached to the Complaint in this matter.
“2. All of the discovery requests set out above seek to obtain information related to agreements or promissory notes between Huntsville Hospital and other physicians. As such, they have absolutely no relevance or bearing upon the issue involved in this matter: whether defendant owes monies to Huntsville Hospital pursuant to this promissory note.
“3. Production of information related to agreements between Huntsville Hospital and other physicians constitute financial records which under Alabama law are privileged. Production of such financial records could expose Huntsville Hospital to liability to these other physicians. As such, production of the documents or information sought here is not warranted.
“4. In effect, defendant seeks to fashion some argument that a waiver which may or may not have existed between Huntsville Hospital and another physician would create a waiver for this defendant. In other words, defendant seeks to establish that Huntsville Hospital is equitably estopped from seeking to collect on this agreement because, in theory, Huntsville Hospital may have potentially waived collection of amounts owed pursuant to contracts with other physicians. Such a purported theory of defense has no basis or support in fact or under Alabama law.”
On March 23, 2001, Dr. Alapati filed a motion in opposition to the Hospital’s motion for protective order; that motion stated, in pertinent part:
“(4) Plaintiff filed its Motion for Protective Order on or about March 14, 2001. The Court set Plaintiffs Motion for Hearing on March 23, 2001. Defense [sic] counsel made no effort to contact Defense counsel to attempt to work the matter out before she filed the Motion for Protective Order.
“(5) Alabama Rules of Civil Procedure Rule 26(c) states in part: ‘A motion for a protective order shall be accompanied by a statement of the attorney for the moving party stating that the attorney, before filing the motion, has endeavored to resolve the subject of the discovery motion through correspondence or discussions with opposing counsel ... ’ Plaintiffs counsel did not attempt to resolve the subject of the discovery dispute before filing the Motion for Protective Order. Therefore, the Motion for Protective Order should be denied.
“(6) In addition, Plaintiff did not file any objections to any of the Interrogate- *795 ríes or Requests for Production before filing the Motion for Protective Order and did not file the Motion for Protective Order until after the Motion to Compel has [sic] already been granted. Therefore, under Perry v. Golub, 74 F.R.D. 860 (N.D.Ala.1976), the Plaintiffs Motion to Compel [sic] should be denied.
“7. Further, the Interrogatories and Requests for Production which are the subject of the Plaintiffs Motion for Protective Order are relevant and material to the defense of this action. Defendant alleges upon information and belief that the hospital is enforcing medical staff development assistance contracts in an illegal and capricious manner.
“8. Specifically, 42 U.S.C. 1395nn (a)(1) states that
“ ‘[e]xcept as provided in subsection (b) of this section, if a physician (or immediate family member of such physician) has a financial relationship with an entity specified in paragraph (2), then
“ ‘(A) the physician may not make a referral to the entity for the furnishing of [designated health] services for which payment otherwise may be made under this subchap-ter.... ’
“9. A financial relationship may be established with the entity and referrals may be made under the following circumstances outlined in 42 U.S.C. 1395nn(e)[(5)], which states as follows:
“ ‘In the case of remuneration which is provided by a hospital to a physician to induce the physician to relocate to the geographic area served by the hospital in order to be a member of the medical staff of the hospital, if—
“ ‘(A) the physician is not required to refer patients to the hospital,
“ ‘(B) the amount of the remuneration under the arrangement is not determined in a manner that take[s] into account (directly or indirectly) the volume [or value] of any referrals by the referring physician.... ’
“10. Defendant alleges that the Plaintiff is making decisions about which contracts to enforce based on the volume of admissions of physician referrals. This type of enforcement would render the contract void and unenforceable. See Polk County Texas v. Peters, 800 F.Supp. 1451 (E.D.Tex.1992), for a case where the court declared a physician assistance contract illegal and unenforceable under Federal and Texas law; and Youngblood v. Bailey, 459 So.2d 855 (Ala.1984), Thompson v. Wnk, Reimer & Sweet, 391 So.2d 1016 (Ala.1980), and Ellis v. Batson, 58 So. 193, 177 Ala. 313 (Ala. 1912) for the general proposition that illegal contracts are unenforceable under Alabama law.
“11. Defendant’s Interrogatories and Requests for Production are calculated to lead to the discovery of relevant information about the enforcement of other physicians [sic] loans. This information will assist the Defendant in proving the illegal and capricious nature of Plaintiffs [sic] enforcement of these contracts. Therefore, this information is highly relevant to the defense of this matter.”
On March 27, 2001, the trial court entered an order that stated:
“This cause came before the Court for hearing on the Plaintiffs Motion for Protective Order. Upon hearing, the Court, having considered the Motion and the opposition filed thereto, is of the opinion that the Motion is due to be and is hereby GRANTED on the grounds that the Defendant’s Interrogatories and Requests for Production are not calculated to lead to the discovery of relevant and admissible evidence.”
*796 On April 2, 2001, Dr. Alapati filed an amended answer, adding the following affirmative defense:
“Defendant pleads illegality of contract. Specifically, Defendant pleads that the manner in which Huntsville Hospital is applying and enforcing the collection provisions of the contract at issue is illegal under U.S.C.A. Title 42 Section 1395nn(a)(l) and (e)(4).”
On April 3, 2001, Dr. Alapati filed a motion requesting that the trial court reconsider its grant of the Hospital’s motion for a protective order. That motion for reconsideration was denied on April 5, 2001. Dr. Alapati thereafter petitioned the Court of Civil Appeals to enter a writ of mandamus; that court denied the petition on July 10, 2001, without an opinion. Ex parte Alapati (No. 2000790, July 10, 2001) — So.2d - (Ala.Civ.App.2001) (table).
This Court’s standard of review of a petition for writ of mandamus is well settled.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). Furthermore, we have stated:
“ ‘Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion.’ Ex parte Compass Bank, 686 So.2d [1135,] at 1137 [ (Ala.1996) ]. ‘ “The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief,” ’ and ‘ “[t]he writ will not issue where the right in question is doubtful.” ’ Ex parte Bozeman, 420 So.2d 89, 91 (Ala.1982)(quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981)).”
Ex parte L.S.B., 800 So.2d 574, 578 (Ala.2001).
Dr. Alapati argues that the petition for the writ of mandamus is due to be granted because, he says, the trial court abused its discretion in granting the Hospital’s motion for a protective order. Specifically, he argues (1) that the material he requested was relevant and authorized under Rule 26, Ala. R. Civ. P., and (2) that the Hospital did not comply with the provisions of Rule 26(c), Ala. R. Civ. P., in seeking the protective order.
Rule 26, Ala. R. Civ. P., states, in pertinent part:
“(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission.
“(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
“(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or *797 defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
[[Image here]]
“(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition or production or inspection, the court in the circuit where the deposition or production or inspection is to be taken may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time and place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. A motion for a protective order shall be accompanied by a statement of the attorney for the moving party stating that the attorney, before filing the motion, has endeavored to resolve the subject of the discovery motion through correspondence or discussions with opposing counsel or, if the opposing party is not represented by counsel, with the opposing party.”
Dr. Alapati asserts that the information he seeks is relevant because, he says, it relates to his defense that the agreement between the Hospital and him is illegal as enforced. Specifically, he claims that the Hospital has not sought to enforce similar agreements it has with other physicians if those physicians refer sufficient numbers of patients to the Hospital. Relying on these allegations, he says that the Hospital chooses not to enforce certain agreements based upon the amount of referrals by physicians who are parties to those agreements, in violation of 42 U.S.C. § 1395nn. He further cites in support of his argument Polk County v. Peters, 800 F.Supp. 1451 (E.D.Tex.1992), in which a federal district court found a physician recruitment agreement illegal under 42 U.S.C. § 1395nn and under Texas law. Dr. Alapati also cites, as he did to the trial court, several cases to the effect that an illegal contract is not enforceable in Alabama. See Youngblood v. Bailey, 459 So.2d 855 (Ala.1984), Thompson v. Wiik, Reimer & Sweet, 391 So.2d 1016 (Ala.1980); Ellis v. Batson, 177 Ala. 313, 58 So. 193 (1912).
It is not necessary for us to address these assertions because they do not affect whether the agreement entered into between Dr. Alapati and the Hospital is illegal on its face or as enforced.[1] As Dr. *798 Alapati states in his brief, this Court has defined relevant information as information “relating to the subject matter of the action and having a reasonable possibility that the information sought will lead to other evidence that will be admissible; to be relevant, information need not itself be competent as evidence at trial.” Ex parte Thomas, 628 So.2d 483, 485 (Ala.1993).
We agree with the trial court that the information Dr. Alapati seeks is not calculated to lead to the discovery of information that is relevant to the subject matter of this action — the agreement entered into between him and the Hospital. Specifically, we are provided with no authority, and we are aware of none, that would support the legal conclusion that the Hospital’s violation of federal law in regard to its agreements with other physicians is relevant to whether the particular contract between Dr. Alapati and the Hospital is illegal on its face or as enforced.[2]
Because we conclude that Dr. Alapati has failed to show that the trial court abused its discretion, see Ex parte L.S.B., supra, it necessarily follows that he does not have a clear legal right to an order by the trial court vacating its March 27, 2001, protective order. See Ex parte Empire Fire & Marine Ins. Co., supra. Therefore, the petition for the writ of mandamus is denied.
PETITION DENIED.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., concur.

. We do note that the federal district court in Peters considered only the agreement before it in determining that that agreement violated federal law and was unenforceable under Texas law. The court made no statement in regard to whether other agreements that that *798 hospital had entered into with other physicians were discoverable or were in any way relevant to the court's consideration of the agreement before it.

. Further, in regard to Dr. Alapati’s argument that the Hospital did not meet the requirements of Rule 26(c), Ala. R. Civ. P., by failing to include in its motion for a protective order a statement that the Hospital's counsel had attempted to resolve this discovery dispute with Dr. Alapati's counsel, we note that this procedural defect alone does not support the issuance of the writ of mandamus. In Ex parte Compass Bank, 686 So.2d 1135, 1137-38 (Ala.1996), this Court stated that "Rule 26(c), Ala. R. Civ. P., recognizes that the right to discovery is not unlimited, and the trial court has broad powers to prevent its abuse by any party.” In light of the trial court's broad discretion concerning matters of discovery, we defer to the trial court’s perception of the facts and procedural posture of the parties in concluding that the absence of strict compliance with Rule 26(c) concerning the parties' attempts to resolve the discovery dispute, does not give rise to a clear legal right to have the protective order vacated. Our conclusion in this regard is also supported by the discussion in the Committee Comments to the August 1, 1992, Amendment to Rule 26(c). Those comments state that amending Rule 26(c) to include this requirement was done "hop[ing] that most discovery disputes will be resolved between counsel without resort to provisions regarding protective orders.”