## THE STATE v. WARE.

1. The allowance or refusal of a change of *venue* is a matter of discretion with the the circuit court, and its refusal not reversible by writ of error.
2. To constitute larceny, it is not important the intention of the prisoner should be to convert the property to his own use in the county where it is taken.

On questions of law referred as novel and difficult by the Circuit Court of Benton.

THE defendant was indicted, at the spring term, 1845, of the circuit court of Talladega county, for the stealing, taking and conveying away two slaves, with a view *then and there* to convert such slaves to his own use. The court ordered a change of venue to the county of Benton, reciting in the order, that the reason set out in the affidavit applied to the counties of Shelby and St. Clair, as well as to the county of Talladega. From a bill of exceptions agreed to by the counsel representing the State at the trial, but not signed by the presiding judge, it appears the defendant made affidavit setting forth, among other things, that he could not have a fair and impartial trial in the counties of Talladega, Benton, Coosa. St. Clair and Shelby, and prayed a change of *venue* to some county free from the like exception, but thereupon the court ordered a change of *venue* to Benton county, one of those named in the affidavit; to which the defendant objected, but the court overruled the objection, and ordered the defendant to be sent to Benton county. Whereupon he excepted.

At the trial, evidence was adduced to the jury, to show the loss of the slaves named in the indictment, by the cause therein set out, and that the defendant was found in possession of them in Talladega county, claiming them as his own, and travelling off with them, calling himself King. Also, that he took them to Barbour county, and sold them as his own, in the name of King. The court charged the jury,

that to constitute larceny, the defendant must feloniously have taken and carried the slaves away, with intent to convert them to his own use, and that he must have done this in the county of Talladega. The defendant asked the court to charge, that although the slaves were taken by the defendant in Talladega county, yet if it was not his intention to convert them to his use *in that county*, the jury should find for the defendant. This was refused, and the jury instructed, that if the defendant feloniously took said slaves, in said county, and had them there in his possession, whether with intention to sell them in that county, or elsewhere, this in law was a conversion. The defendant excepted to the refusal of the court, and a bill of exceptions was signed and sealed by the court, which afterwards was directed to be certified to this court as a reservation of the question.

S. F. RICE and L. E. PARSONS, for the prisoner, made the following points:

1. After allowing the change of *venue*, the court had no discretion as to the county—that must be free from the like exception. The statute is express that this shall be done, and there is no room for discretion. [Dig. 343, § 166.] When a discretionary power is wrongfully exercised, it is the subject of revision. [Reynolds v. Bell, 3 Ala. Rep. 57.] Brookshear v. The State, 2 Ib. 303, does not conflict with this, as there the *venue* remained unchanged.

2. The averment in the indictment is, that the slaves were taken in Talladega, with a view *then and there* to convert them, and this, although more precise than was necessary, is essential to be proved. [1 Chitty's Pl. 232-3, and note, 2; 7 John. 321; U. States v. Porter, 3 Day 283; Rives v. McLoskey, 5 S. & P. 330.]

T. B. CARKE, Attorney General, contra.

GOLDTHWAITE, J.—1. Waiving the consideration, whether the first question made in this case, is presented by a proper bill of exceptions, or whether it is reserved as novel and difficult, we think if it was so presented, there is nothing in it; first, because if the venue was changed irregularly,

and without the consent of the defendant, his mode to revise the erroneous action of the court in this particular, is by *mandamus*—and, secondly, because the whole subject of a change of *venue* is within the discretion of the circuit court, and the exercise of that discretion is not reviseable. [Brookshear v. The State, 2 Ala. Rep. 303.] The court judges of the sufficiency and existence of the reasons assigned for the change of *venue*, and in like manner must judge whether the same, or other sufficient reasons exist in relation to other of the adjoining counties. If the construction of the statute was otherwise, the effect would be to allow the prisoner to select the county of trial, after a change of *venue*, whenever his conscience is sufficiently pliant to assert that such counties were subject to the exceptions assigned against that where the indictment is found. We are clear the statute invests the circuit court with the discretion to judge, not only the sufficiency of the reasons set out for the change of *venue*, but also whether these, or other reasons, extend to other counties.

2. With respect to the refusal to charge as asked by the defendant, we think there is no error. The allegation in the indictment, is the usual and formal compliance with the rule which requires time and place to be averred in relation to every material and traversable fact. The intention to convert to the use of the prisoner *in the particular county* is not an essential ingredient in the crime of larceny; but if it was, is sufficiently shown by the intention to convert generally. Whenever the averment, unnecessarily introduced by the pleader, is a matter which the defendant in any manner can put in issue, then the proof must conform to it, but an averment wholly immaterial, and which the defendant cannot, by plea or otherwise, put in issue, need not be proved. This is the sensible rule, deducible from all the authorities, and the averment in this indictment not falling within it, there is no error in the omission to prove that the defendant intended to convert the slaves in Talladega county. [Chitty's Pl. 223, and cases there cited.] Judgment affirmed.