# Bailey v. The State.

### Indictment for Larceny of Money paid by Mistake.

1. *Larceny of money paid by mistake; what necessary to constitute.*—Where A. owed B. two dollars, and, in paying him, made a mistake and gave him a one dollar bill, and a ten dollar bill, thinking the latter was a one dollar bill, and B. appropriated the money so overpaid, after discovering the mistake made by A.,—*held*, to constitute larceny in B., he must have known, at the very time he received the money, that he was receiving more than was intended for him, and must then have intended to convert the same to his own use—this would be a fraud amounting to larceny.

2. *Same; what amounts to only a civil tort.*—If the testimony fails to show the intent to convert the money at the time of overpayment, beyond a reasonable doubt, then he is guilty only of a civil tort—trover and conversion.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JAS. E. COBB.

Defendant, William Bailey, was indicted at the spring term, 1877, of said court, for larceny, the indictment being in the usual form.

The State introduced as a witness the prosecutor, one G. Fuller, who testified that he was indebted to defendant in the sum of two dollars, and upon going to pay said debt, and intending to pay only the two dollars, he paid defendant two bills; that the room where he paid defendant was rather dark, it being cloudy without, and he could not see distinctly, and he made a mistake and gave the defendant a ten dollar instead of a one dollar bill; that next day witness missed a ten dollar bill which he remembered having had before the payment to defendant, so, he went and asked defendant if he did not make a mistake and pay him a ten dollar bill instead of a one dollar bill; and the defendant denied that he was so paid. One Jesse Farmer, another witness for the State, swore that on a certain Sunday before the indictment, he was with defendant and defendant remarked that "he had a secret

[Bailey v. The State.]

that he would tell witness," and asked witness "if he noticed
Fuller when he paid him (defendant), some money on the
day before," to which witness replied that he saw no mistake;
defendant then said that Fuller had made a mistake, and had
paid him a ten dollar bill instead of a one dollar bill. Wit-
ness then asked defendant "what he intended to do about
it?" Defendant replied that "Fuller had so much money he
would never detect the loss, but if he missed the ten dollar
bill, he would make it all right with him." Afterwards,
defendant told witness he had spent the ten dollar bill.
This being all the evidence, the defendant's counsel asked
the court, in writing, to charge the jury that "if they believe
from the evidence that Fuller, in paying out the money to
defendant, made a mistake and paid him a ten dollar bill,
then, before the defendant can be convicted of petit larceny,
the evidence must satisfy the jury, beyond a reasonable
doubt, that, at the time the mistake was made, the defendant
knew of the mistake, and with that knowledge received the
ten dollar bill, and that any subsequent appropriation of the
money by defendant, without a knowledge of the mistake at
the time it was made, will not constitute the offense of petit
larceny." The court refused to give the charge, and
defendant's counsel excepted.

The defendant now appeals, upon the record, to this court.

OLIVER & GARRETT, for appellant.—1. The charge being for
larceny, necessarily involves a trespass, accompanied with an
intent to deprive the owner of his ownership in the property.
Bish. Cr. Law, vol. 2, p. 675 and notes.

2. In order to constitute the offense of larceny, the taking,
and the intent *animo furandi* must coexist in point of time.
It is not sufficient that the intent to convert it to his own
use by the defendant was entertained at the time of the con-
version, but as stated in *Wilson v. People*, 39 New York, 459,
"In larceny, the intent to steal must exist at the time of
taking the property; it is not enough that the prisoner have
such intent at the time of converting it to his own use.
See, also, *State v. Coombs*, 55 Maine, 477; *State v. Brown*,
25 Iowa, 561.

3. The charge asked by the defendant and refused by the
court, enunciates the law as stated in *Wilson v. People, supra*,
and requires the court to instruct the jury that, before they
can find the defendant guilty, they must believe from the
evidence, beyond a reasonable doubt, that defendant, at the
time he received the money, discovered the mistake, and that
discovering the mistake at that time, he afterwards, with that
knowledge, appropriated the money to his own use. Predi-

[Bailey v. The State.]

cated as this charge is, upon the proposition of law, that the taking and intent must coexist, and that it is not sufficient that defendant has that intent at the time of the appropriation of the money to his own use, the refusal to give the charge was error.

4. It was necessary that defendant should have discovered the mistake, made in the payment of the money to him, at the time the mistake was made, before any such intent could be formed by defendant as would constitute larceny, by any after appropriation of the money to his own use. Whatever may be the moral turpitude connected with defendant's conduct, it evidently falls short of larceny.

JOHN W. A. SANFORD, Attorney-General, contra.

STONE, J.—Larceny is the felonious taking and carrying away of the personal goods of another. To constitute larceny under the undisputed facts of this case, the defendant must have known, at the very time he received the money, that he was receiving too much, and more than was intended for him, and must then have intended to convert the money to his own use. This would constitute the taking such a fraud, as would amount to larceny.—*Rountree v. The State*, 58 Ala. 381.

On the other hand, if the testimony and circumstances fail to establish the facts and intent as above supposed, with such full measure of proof as to leave in the minds of the jury no reasonable doubt of the defendant's guilty knowledge and intent, at the time he received the money, then he is guilty of no crime, but only of a civil tort, known as trover and conversion.—*State v. Hawkins*, 8 Por. 461; *State v. Ware*, 10 Ala. 814; *Spivey v. State*, 26 Ala. 90; *Wilson v. The State*, 1 Por. 118.

The Circuit Court erred in the charge given, and in the refusal to charge as asked. Let the judgment be reversed, and the cause remanded. The defendant will remain in custody until discharged by due course of law.