174 So. 296

## COLLINS v. STATE.

### 7 Div. 408.

Supreme Court of Alabama.

April 15, 1937.

Rehearing Denied May 27, 1937.

Obe Riddle, of Talladega, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

ANDERSON, Chief Justice.

The trial court did not err in overruling the defendant's motion to quash the indictment. The defendant's own witnesses disclosed an effort on the part of the jury commission to conform to the requirements laid down by the United States Supreme Court in the case of Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074. The qualification of the jurors is largely discretionary with the jury commission, except there must be no exclusion on account of race, and we think the witnesses introduced by the defendant disclosed that a bona fide effort was made in the respective sections of the county to ascertain qualified negroes and that many names ascertained to be qualified were put in the jury box. True, the witness Moss testified, "No negroes have served on the Grand or Petit Jury in this county," but this did not necessarily contradict the fact that names of negroes were placed in the box as testified to by the witnesses. Calhoun is a white county and the names of negroes as placed in the box were, of course, less than the names of the whites. Moreover, some may have been drawn who did not serve as they may have gotten excused or were challenged.

The trial court will not be reversed for sustaining the solicitor's objection to the question to the witness Green as to

whether negroes had been "drawn and served" since they commenced to put the names of negroes in the jury box. In the first place, the witness Moss had testified that none had served and which was not disputed. Again, the question was in the conjunctive and, as above indicated, the fact that none served does not negative the fact that the names were placed in the box.

■ The defendant made a motion for a change of venue based largely, if not entirely, upon certain newspaper publications in connection with the crime of which he was charged. It is true that much, if not unnecessary, publicity was given to the matter, but newspapers are prone to dwell upon matters of this character and so long as papers are published we may expect them to give an account of serious and startling crimes in answer to public interest. Most of the excerpts were not inflammatory but largely narrative and some of them were temporate and urged against mob violence. Godau v. State, 179 Ala. 27, 60 So. 908. Again, when the jurors were being impaneled, the trial court evidently ascertained from them, under oath, the statutory requirement that they had no fixed opinion as to the guilt or innocence of the accused. Besides the newspaper clippings, the sheriff, Cotton, was examined as a witness in support of the motion, and while he testified to considerable interest and excitement and a gathering of large numbers in the locality where the offense was committed in an effort to apprehend and arrest the guilty party, he testified that the excitement and disturbance was local in character, that the feeling had to a great extent subsided, and as jurors were to come from all parts of the county, it was his opinion that the defendant could get a fair and impartial trial at the time set for same.

■ The defendant also made an effort to have the case continued based largely upon the idea that he could not get a fair and impartial trial at the time fixed, relying largely on the same facts and conditions in support of the motion for a change of venue, and we cannot say that there was an abuse of discretion on the part of the trial court in not continuing the case.

The writer, speaking for himself only, while favoring a prompt and vigilant enforcement of the law, has always felt that the trial of cases of this character should await a reasonable cooling time and should not be tried under military surroundings to prevent a lynching and I gave expression to my views in a dissenting opinion in the Norris Case, supra. I think, however, that under the previous decisions, the defendant has failed to show such an abuse of discretion on the part of the trial court as to warrant a reversal for not continuing the case.

■ The trial court gave a fair and correct oral charge and many charges requested by the defendant, refusing only two of his requested charges, B and D.

Charge B, if not otherwise faulty, pretermits a voluntary consent and ignores the tendency of the evidence that she yielded through force and fear.

■ Charge D, in substance and effect, was covered by the oral charge of the court as well as some of the defendant's given charges.

We cannot say that the case should be reversed because of the unfortunate and improper conduct of the husband, Hill, when the defendant was testifying.

Finding no reversible error. in the record, the judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.