186 So. 778

## CLARK v. STATE.

### 6 Div. 318.

Court of Appeals of Alabama.

Jan. 24, 1939.

Rehearing Denied Feb. 21, 1939.

J. J. Curtis and Herman Maddox, both of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. S. Ward, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of rape and his punishment fixed at imprisonment in the penitentiary for the term of ten years. Code 1923, Sec. 5407.

We forego a discussion of the evidence, i. e., in detail.

It is meet, perhaps, that we state that the young lady involved, who was only seventeen years of age, testified that appellant, who was married and twenty, about whom she had heard (he was known to his friends as "Sugar Man"), but whom she did not know personally, represented himself on the occasion giving rise to the prosecution as "Verland Clark," a single man—in fact, a mere fifteen year old lad—as it turned out. And that by means of this misrepresentation, prosecutrix—to so denominate the young lady whose body was alleged to have been violated—was induced to go for a "night ride" in appellant's car—accompanied by another young man and young lady.

Prosecutrix further testified that on this ride, i. e., while the car was stopped at an out of the way place where the appellant stated it was necessary that they find water for the radiator, appellant had intercourse with her under such circumstances that the jury might well have found, as they did, that he was guilty of the crime of rape.

Appellant denied having intercourse with the young lady at all; denied any deception on his part—in fact, denied

practically the whole story told by the prosecutrix.

The case was one peculiarly for the jury.

■ It was shown that there was some delay on the part of the young lady in reporting what had occurred. And it is true, it appears, that the "failure of the assaulted party to make complaint recently after the occurrence [as here], opportunity [with her companions, her friends, her family, being afforded], cast[s] a suspicion on the bona fides of the charge." Stewart v. State, 25 Ala.App. 266, 145 So. 162.

But such does not disprove the charge. Its truth, vel non, is still for the jury.

And we think the principle of law we have quoted was made sufficiently clear to the jury by the trial court in his able oral charge, in connection with written charge 22 given at appellant's request.

■ But whether so or not, appellant's written requested charge No. 23, viz., "After you have considered all the evidence in this case, if you believe from the same that the prosecutrix had opportunity to make complaint of the alleged assault and failed for several days to make same, then I charge you that this fact or failure cast a suspicion on the charge of *Carnal Knowledge*" (italics ours), was properly refused because of the use of the words "Carnal Knowledge" instead of the word "rape."

As so used, the words "Carnal Knowledge" imported no more than would have the words "sexual intercourse;" and, under the evidence, the jury could well have found that appellant had "sexual intercourse" with prosecutrix, upon the occasion in question, in a way that constituted no crime known to the law.

We are not apprised that "delay in reporting the occurrence" casts suspicion on *such* a charge. In fact, they rarely report it at all,—we believe.

■ If any other of the written charges requested by appellant and refused—and we have carefully examined each of them —was not argumentative, invasive of the province of the jury, or patently incorrect, we find its substance to have been fully covered by and included in either the trial court's oral charge or some one of the written charges given at appellant's request. So error cannot be charged in the refusal of any such charge. Code 1923, Sec. 9509.

The few exceptions reserved on the taking of testimony have each been examined. In no instance do we find the rulings underlying such exceptions to be infected with error prejudicial to any right of appellant. It seems not worth while to discuss same seriatim.

The record gives every evidence of the trial having been carefully and correctly conducted. Appellant's every right seems to have been amply safeguarded.

The crime of rape was defined to the jury by the learned trial judge as "the having of unlawful carnal knowledge by a man of a woman forcibly and without her consent." This definition we approve.

Where sexual intercourse is indulged in by a man and a woman under the circumstances shown by the evidence in this case, none, we believe, but the jury could say whether or not the crime of rape had been committed.

They said it had; and we are not even asked to overturn their verdict because of a lack of sufficiently supporting testimony.

If it appears that the young lady in question "raped too easily;" or that she had to have the fact that she had been ravished "coaxed from her;" these were all matters for the jury's consideration. And we do not find that the trial court was remiss in his duty to fully instruct them as to the law.

We find nowhere an erroneous ruling upon which to base a reversal of the judgment of conviction. And the same is affirmed.

Affirmed.