63 So.2d 565

## LITTLEFIELD v. STATE.

### 5 Div. 329.

Court of Appeals of Alabama.

Jan. 29, 1952.

Rehearing Denied Aug. 5, 1952.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

Karl C. Harrison and Wales W. Wallace, Jr., Columbiana, for appellant.

510

HARWOOD, Judge.

The indictment against this appellant contained five counts charging respectively either forgery or obtaining a warrant by false pretenses.

Appellant was found guilty by a jury under count 3 of the indictment which charged that he "did falsely pretend to the Court of County Commissioners of Chilton County, Alabama, with intent to injure or defraud Chilton County, Alabama, that Robert Connell had sold or furnished to Chilton County, Alabama, or that Chilton County, Alabama, was indebted to Robert Connell for, 2392 feet or board feet of lumber, in the amount or value of $83.72, and by means of such false pretenses obtained from Chilton County, Alabama, a check or warrant drawn on the Gasoline Fund of Chilton County, Alabama, dated May 10, 1948, in the amount of $83.72, and of the value of $83.72, and made payable to the order of Robert Connell."

His motion for a new trial being overruled appellant perfected his appeal to this court.

Motion to quash the indictment was filed, and by the court overruled. The substantial grounds of this motion were that the indictment was not in fact signed by the foreman of the grand jury. This identical question was considered by us and concluded adversely to the appellant's claims in the recent case of Wyatt v. State, Ala.App., 57 So.2d 350, certiorari denied Ala.Sup., 57 So.2d 366.

Appellant also filed motions for a change of venue and for a continuance. These motions were based on the premise that appellant could not get a fair trial in Chilton County because of newspaper publicity growing out of the State examiners report concerning certain officials of Chilton County and their dealings with other persons and their handling of county affairs, and also the publicity resulting from the trials of one or more of these officials.

In support of the motions the appellant introduced evidence tending to establish the assertions set forth in said motions. In rebuttal the State offered evidence tending to show that the appellant could receive a fair trial in Chilton County.

■■ The matter of granting a change of venue, or of continuance, addresses itself to the sound discretion of the trial court. State v. Ware, 10 Ala. 814. Newspaper publicity does not necessarily constitute grounds for either a change of venue or a continuance. Collins v. State, 234 Ala. 197, 174 So. 296.

■ In view of the evidence presented by the State in opposition to the appellant's presentation we find no basis for saying that the trial court's ruling denying the motions was not justified. No error therefore resulted from the rulings on these motions for a change of venue and for a continuance.

The evidence presented by the State tended to show that the appellant filed a claim with Mrs. Delene B. Wyatt, Clerk of the Court of County Commissioners of Chilton County, for payment of $83.72 for certain described lumber. This claim, numbered 3106, was filed in the name of Robert Connell.

A purported affidavit bearing the name Robert Connell, attesting the correctness of the claim, and sworn to before Mrs. Wyatt, supported the claim.

This claim was regularly presented to the Court of County Commissioners of Chilton County and allowed by that body.

Thereafter a warrant on Chilton County, bearing the number 3106, and payable to Robert Connell was issued.

This warrant was purportedly endorsed by Robert Connell. It also bears the endorsement of D. C. Littlefield, this appellant.

Testimony was introduced directed toward showing that these endorsements were in the handwriting of the appellant. There was also received in evidence some twenty writings of the name "Robert Connell," written by the appellant on a sheet of paper. This was before the jury for comparison.

Robert Connell testified that he knew the appellant, having worked for him sometime in 1943. Connell further testified that he had never sold any lumber to Chilton Coun-

ty; had never authorized any one to file a claim in his name with the county; he had never seen the warrant issued in his name, and had never authorized his endorsement thereon, and in fact was ignorant of the entire transaction.

The appellant presented no evidence in the trial below.

During her examination Mrs. Wyatt testified that she signed the name of "W. L. Parrish, President, County Commission of Chilton County" to the warrant in question.

Counsel for appellant argue that since the Court of County Commissioners of Chilton County is a court of record, such authority could only be shown through the records of said court, and since such evidence had not been produced the warrant was void and appellant had not obtained anything of value.

■ However it also appears from the record that Mrs. Wyatt testified without objection that she had been Clerk of the Court of County Commissioners since 1923, and that a part of her duty as such clerk was to draw the county warrants after the payment of claims against the county had been authorized by the Commission. In the absence of a showing otherwise the presumption is that public officials have properly discharged their duties. Since it was Mrs. Wyatt's duty to draw the warrants and sign the presiding officer's name thereto, the procedure followed in issuing all of the county's warrants, we must presume, in the absence of a showing otherwise, that the Commission properly delegated this duty to Mrs. Wyatt.

■■ It also further appears that the appellant endorsed this warrant without qualification. By such act he warranted that the instrument was genuine in all respects it purports to be, and that all prior parties had capacity to contract. Secs. 67 (1, 2), and 68, Title 39, Code of Alabama 1940. Wyatt v. State, supra. Appellant is not now, for the first time, in position to question the validity of this warrant on the grounds he seeks to question it on.

The warrant in question bears in its upper left hand corner a check drawn on the First National Bank of Clanton, Clanton, Alabama, in the following terms:

"Pay this warrant when properly endorsed, from the fund of Chilton County, Alabama, designated below.
"W. M. Polk

"Treasurer, Chilton County, Ala."

The fund designated out of which to pay the warrant was the Gasoline Fund of said county.

Appellant now contends that the State failed to show that Mr. Polk actually signed this check prior to its delivery to appellant, and therefore the warrant was of no value at the time it was obtained by appellant.

■ What we have said above as to the effect of appellant's unqualified endorsement of the instrument containing the check is equally decisive of this point.

Counsel for appellant further argue that since the State's evidence failed to show that the lumber for which the claim was filed and warrant delivered was not delivered to the county that the State has failed to make its case. Mrs. Wyatt's testimony in this regard was that she did not know whether the lumber mentioned in the claim was delivered or not; that at the time the claim was filed the only evidence she had that lumber had been delivered was the appellant's statement that he had delivered it. The claim was read out in the name of Robert Connell and authorized in that name by the Commission.

■ There was also evidence before the jury from which it could reasonably infer that this appellant had forged the name of Robert Connell to the claim for the lumber; had forged Robert Connell's name to the affidavit supporting the claim; and had forged Robert Connell's name to the warrant issued on the claim. Connell testified that he had not delivered any lumber, nor filed any claim, nor endorsed the warrant. This evidence is we think amply sufficient to support the offense charged in the indictment, the pertinent portions of which we have set out above. Particularly is this true in the absence of any evidence by the defense tending to show that the lumber

was actually delivered to the county, the facts presented by the State being such as to reasonably permit the jury to conclude that no lumber was delivered.

During the cross examination of Mr. Polk he testified that he was the Treasurer of Chilton County, and as such had signed the check in the upper left hand corner of the warrant in question. Sometimes he would sign such instruments at the bank, but more often in "the office." He could not say at which place he signed the warrant in question, but in any event the warrant was not marked "paid" when he signed it.

On redirect examination Mr. Polk testified that "more often" he signed the warrants before they went to the bank.

He was then asked "What would be the occasion for your going to the bank?"

The appellant's objection to this question on the ground that it called for a conclusion, and was hearsay, was overruled by the court.

The witness answered:

"At times I would probably be out of town and would take the warrants to the bank and I would be in there the next day or the next or sometimes during the week and they would give me these warrants for my signature."

In his brief counsel argues that the question called for a mental operation.

We pretermit consideration of whether the grounds assigned were sufficient to raise the point argued, or whether the question did in fact call for testimony as to a mental operation on the part of the witness. Mr. Polk had testified in detail as to his practice of sometimes going to the bank to sign warrants. Obviously this was the fact sought by the question. We do not see how the answer given could probably have prejudiced this appellant in his substantial rights. We therefore will not posit a reversal of this cause on this point. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7 Appendix.

The record shows the following objection interposed by defense counsel during the argument of the prosecutor to the jury:

"Mr. Harrison: (Interrupting) If the Court please, we object to that portion where he said, 'Nobody denies that's the signature of Cleve Littlefield.' We move that it be excluded and that the Jury be instructed that it is improper argument.

"Mr. Sykes: I am commenting on the evidence, your Honor.

"The Court: Overruled.

"Mr. Harrison: We except."

Section 305, Title 15, as amended, Code of Alabama 1940, is as follows:

"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such a request shall not create any presumption against him, nor be the subject of comment by counsel. If the solicitor or other prosecuting attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within thirty days from entry of the judgment."

An examination of the decisions of both appellate courts of this State will show that the Supreme Court and this court have given due deference to both the letter and the spirit of this code section.

The remark of the State's attorney was no more than a comment that a certain phase of the State's evidence was uncontradicted. Certainly the State's attorney should be permitted to comment on the character of the evidence presented by the State and its strength. That certain evidence is uncontradicted tends to show its strength. Our statute does not abrogate the right of the State's counsel to comment on legitimate inferences in this regard. The remarks of the prosecutor here definitely were not a direct reference to the defendant's failure to testify. Nor under the facts of this case could it be said that this defendant was the only witness by which the signature of the defendant could have been questioned, and that therefore the remarks of the State's attorney must necessarily be interpreted as referring only

to the defendant and his failure to testify. Handwriting experts are frequently used in developing evidence of this nature.

We find nothing in the questioned remark removing it from the general rule that statements by a prosecutor to the effect that evidence for the State is undenied or uncontradicted does not violate a statute prohibiting comments on the defendant's failure to testify. A vast number of cases from numerous jurisdictions treating this principle may be found in an excellent annotation in 68 A.L.R., p. 1127. We find no error in the court's ruling in this instance.

Other points are raised in appellant's brief. We have considered all of such points, and are of the conclusion that they are without merit and that no useful purpose would be served in writing to them.

Affirmed.

### On Rehearing

In their application for rehearing counsel for appellant have requested that we set forth the additional fact that Mrs. Delene B. Wyatt testified that she knew that this appellant was selling lumber to the county in his own name, and in the names of Robert Connell, Dalton Connell, and Wilton Robinson. She further testified that she thought the county commissioners knew this. Her testimony along this line is contained in the following excerpt from the record:

"Q. Did Mr. D. C. Littlefield, or Cleve as he is sometimes known, sell lumber to the County during the war? A. Yes sir.

"Q. Will you state whether or not he sold lumber to the County during the war when it was scarce and the County couldn't buy it at other places? A. Well, I think he did.

"Q. That's your recollection. A. That's right.

"Q. Well, did Mr. Littlefield sell a good bit of lumber to the County? A. Yes sir. He sure did.

"Q. Over a long period of years, is that right? A. That's right.

"Q. Did he sell it in his own name? A. Well—

"Q. I mean some of the times? A. Yes sir.

"Q. Did he sell it from Robert Connell's name sometimes? A. Yes. I think he did.

"Q. Dalton Connell? A. Yes sir.

"Q. Wilton Robinson? Do you recall that? A. Yes sir. I think I remember.

"Q. Was that known by the Commissioners? A. Yes sir. I think it was.

"Q. Did you know that he was selling it and that he was doing that in those names of the other persons? A. Yes sir.

"Q. Do you know whether or not there was some criticism by other lumber dealers in the County that Mr. Littlefield was the only one that could sell lumber to the County?

"Mr. Huddleston: We don't—

"Mr. Harrison: I beg your pardon? I asked her if she knew.

"A. I have heard some say they felt like the Commissioners bought more lumber from Mr. Littlefield. I don't know whether it was criticism or not. I have heard they say—

"Q. Had you heard that that was the reason that Mr. Littlefield sold in the names of these other persons? A. Yes sir. I heard that."

Counsel for appellant argue that the above testimony establishes that the county, through its court, had knowledge that this appellant was selling lumber to the county under several assumed names, and therefore it could not be said that any fraud or deceit was present.

The fallacy of this argument is that the weight of all the evidence was for the jury. Mrs. Wyatt's statement that it was known to the Commissioners that the appellant was selling lumber to the county under several assumed names was qualified by her statement "I think it was". That a witness phrases his testimony in such terms as "I think," "I believe," etc., does not render such testimony inadmissible. See "Admissibility in Alabama of Witness' Tes-

timony in Terms of 'I think,' 'I believe,' or the Like," McElroy, 3 Ala. Lawyer 67.

However the probative value of such testimony is for the jury. At best it represents only an imperfect recollection or impression. At worst, it may represent mere surmise or speculation.

Further, the record shows that as to the particular transaction on which count 3 of the indictment is based Mrs. Wyatt testified that "Robert Connell" was the name read out in the Commissioners Court when the claim was passed, and that the name of this appellant was not read out, and that so far as the Commissioners were concerned the claim was read as for lumber sold by "Robert Connell."

We adhere to our former conclusion that the evidence presented by the State was sufficient, if believed by the jury under the required rule, to support the verdict rendered and judgment entered.

Counsel for appellant further argue that the Court of County Commissioners, being a court of limited jurisdiction, could not delegate authority to draw warrants, and therefore the warrant in this case, actually signed by Mrs. Wyatt in the name of "W. L. Parrish, President, County Commission of Chilton County" was void at the time of its issuance, and could not be validated by the later unqualified endorsement of the appellant, and whether the warrant had value must be determined as of the time it was issued, and not at the time of its endorsement.

For the proposition that the Court of County Commissioners could not authorize Mrs. Wyatt, Clerk of the Commission, to sign warrants, counsel for appellant rely on Ellis v. Batson, 177 Ala. 313, 58 So. 193. This case, decided in 1912, holds that a County Treasurer could not lawfully delegate his duty, imposed under Sec. 211, Code of 1907, of receiving and disbursing county monies.

Section 76, Title 12, Code of Alabama 1940, specifically provides: "Who shall issue warrants.—No warrant shall be issued or check drawn on the county treasurer or county depository by any person except the judge of probate or chairman of the board of revenue, or like governing body, *or such other officer as may be designated by such board* unless otherwise provided by law." (Italics ours.)

Section 209, Title 14, Code of Alabama 1940, provides: "Any person, who, by false pretense or token, and with the intent to injure or defraud, obtains from another any money or other personal property, shall on conviction, be punished, as if he had stolen it."

Personal property includes "things in action and evidence of debt". Section 2, Title 1, Code of Alabama 1940. The warrant obtained in this case was a chose in action, an evidence of debt.

Further, Mr. Polk, Treasurer of Chilton County, testified that the value of the warrant was $83.72, and that it was marked paid.

Appellant's requested written charges 14, 15, and 16 were refused without error as being incorrect statements of the legal principles applicable to this case.

Evidence was presented by the State tending to show that the appellant "did falsely pretend to the court of County Commissioners of Chilton County, Alabama, that Robert Connell had sold or furnished to Chilton County, Alabama, or that Chilton County, Alabama, was indebted to Robert Connell for, 2392 feet or board feet of lumber, in the amount or value of $83.72, and by means of such false pretenses obtained from Chilton County, Alabama, a check or warrant drawn on the Gasoline Fund of Chilton County, Alabama, dated May 10, 1948, in the amount of $83.72, and of the value of $83.72, and payable to the order of Robert Connell," as charged in the indictment.

This evidence in our opinion sufficiently made out a prima facie case against this appellant.

The theory on which counsel insists that charges 14, 15, and 16 should have been given is that the State should further have the burden of proving that no lumber was delivered by appellant, who had on previous occasions sold lumber to the county under assumed names, and that if lumber had been delivered to the county by appellant under an assumed name there could be no

intent to defraud in that the county could not have been injured.

Whether lumber of the value of the warrant had been delivered to the county by the appellant under any name was a fact peculiarly within the knowledge of this appellant. Certainly the undisputed evidence shows that Robert Connell had never sold or delivered any lumber to the county.

The State having presented evidence tending to establish a prima facie case under the terms of the indictment, the jury was justified in inferring his guilt therefrom. The onus of showing that lumber had actually been delivered to the county by appellant under an assumed name, a fact peculiarly within appellant's knowledge, was then cast upon the appellant. The appellant presented no evidence in the trial below.

Appellant's requested charge 17 was also faulty and properly refused as being an incorrect statement of legal principles applicable. The fact that Mrs. Wyatt may have had authority to sign warrants, and may have had knowledge that appellant was selling lumber in another's name could not absolve appellant of his misconduct.

Charges 26 and 27 were properly refused as they too were incorrect statements of legal principles. Section 76, Title 12, Code of Alabama 1940.

Application overruled.

