70 So.2d 279

## HOLLIS v. STATE.

### 6 Div. 704.

Court of Appeals of Alabama.

Jan. 19, 1954.

Rehearing Denied Feb. 2, 1954.

R. G. Redden, Vernon, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of rape and his punishment fixed at ten years imprisonment in the penitentiary.

We refrain from a detailed discussion of the evidence, since on the trial defendant admitted he had sexual intercourse with prosecutrix, but stated it was only once, and that with her full consent; while the testimony of prosecutrix was to the effect that she was ravished twice by defendant on the occasion complained of. Under the decisions of our courts such conflict in the evidence clearly presented a question for the determination of the jury. Stone v. State, 243 Ala. 605, 11 So.2d 386; Clark v. State, 28 Ala.App. 448, 186 So. 778; Bennett v. State, 31 Ala.App. 435, 18 So.2d 291.

The indictment was in the form prescribed by Title 15, Section 259, Form 89, Code 1940, and was sufficient and the court properly overruled demurrer to it. Weems v. State, 224 Ala. 524, 141 So. 215.

Defendant's motion to exclude the evidence offered by the State because of a variance between the allegations contained in the indictment and the proof, in that the defendant is charged with having raped Minnie Lee Campbell, while the proof shows prosecutrix' name to be Robertson, was properly overruled.

To be material a variance between the allegations and proof as to the name

of the party against whom the offense was committed must be such as to mislead the defendant to his prejudice. Johnson v. State, 34 Ala.App. 623, 43 So.2d 424, certiorari denied 253 Ala. 194, 43 So.2d 431.

In Vaughn v. State, 236 Ala. 442, 183 So. 428, our Supreme Court held that the designation of deceased in an indictment in a murder prosecution by the name by which she was generally known after her last marriage did not create a fatal variance on the ground the marriage was void and had not changed her name.

In other jurisdictions the courts have ruled that the fact that the prosecuting witness in a rape prosecution was married after the indictment was returned but before the trial began, so that her name at the time of trial differed from that stated in the indictment, did not establish a fatal variance, where it was definitely shown she was the same party. Moore v. State, 152 Tex.Cr.R. 312, 213 S.W.2d 844; Cain v. State, 68 Tex.Cr.R. 507, 153 S.W. 147.

The indictment here was returned on April 21, 1952. The State's proof showed the offense occurred on April 2, 1952; prosecutrix married on November 16, 1952, and her name then became Minnie Lee Campbell Robertson.

■ The witnesses referred to prosecutrix as Minnie Lee Campbell and Minnie Lee Campbell Robertson, though probably more often as Minnie Lee Campbell. Clearly, the defendant could not have been misled as to the identity of the person he was charged with having raped, and no possible injury could have resulted to him under the circumstances.

Counsel insists defendant is entitled to a reversal because the prosecuting witness stated the defendant raped her. The record recites:

"Q. Then what did he do? A. He raped me.

"Mr. Redden: Object and move to exclude. That's a question for the jury to decide. It's for the jury to determine whether he raped her or not. It's not for her to say.

"The Court: I'll permit her to tell what happened."

■ Nothing is presented for our review. The objection was not made until after the witness had answered the question. Chambers v. State, 31 Ala.App. 269, 15 So.2d 743; Stone v. State, 31 Ala.App. 166, 13 So.2d 434. And no exception was reserved to the action of the court. Gray v. State, 30 Ala.App. 190, 6 So.2d 901; Corbitt v. State, 35 Ala.App. 572, 50 So.2d 454; Couch v. State, 31 Ala.App. 586, 20 So.2d 57.

Counsel insists that defendant's motion for a mistrial should have been granted because of the separation of the jury pending the trial. The following appears in the record:

"The Court: Gentlemen, you may take a short recess now. Be back in. the jury box in ten minutes.

"(When the jurymen came back into the box two were later returning than the others)

"By the Court: Gentlemen, you jurors stay together. You are not supposed to separate. Under the law you are supposed to stay together. This jury will be kept together at lunch. Mr. Sheriff, be making arrangements for their lunch at 12 o'clock. Go into the jury room, please, gentlemen. Stay together. Don't separate.

"(Jury went out into jury room)

"Mr. Redden: Your Honor, I wish to make a motion for a mistrial in this case on the ground the jury separated. I think that is a sufficient ground. ·

"The Court: Overrule. Let the jury come on back in.

"(Jury returned to box)

"Mr. Redden: Except"

No evidence was presented on the motion and the defendant did not file a motion for a new trial.

456

■ We conclude that the meager recitals of the record do not sufficiently establish an actual separation of the jury, therefore, we are unwilling to predicate error on the court's denial of the motion for a mistrial.

■ Defendant's requested charges 1 and 2 are not hypothesized on a belief from the evidence and were properly refused. Bush v. State, 211 Ala. 1, 100 So. 312; Wesson v. State, 251 Ala. 33, 36 So.2d 361.

■ Refused charge 3 is confusing and misleading. But if it were not otherwise faulty it was properly refused. Collins v. State, 234 Ala. 197, 174 So. 296.

■ In Wilson v. State, 243 Ala. 1, 8 So.2d 422, charges to the effect of refused charge 6 were condemned because of their tendency to convey the idea that a juror may entertain a reasonable doubt without consultation with the other jurors.

There being no reversible error in the record the judgment of the trial court is affirmed.

Affirmed.