80 So.2d 313

Floyd **CHANCELLOR**

v.

**STATE.**

4 Div. 263.

Court of Appeals of Alabama.

Nov. 23, 1954.

Rehearing Denied Dec. 14, 1954.

90

E. C. Boswell, Geneva, for appellant.

Si Garrett, Atty. Gen., Robert Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

The accused was indicted and convicted for the offense of rape.

The prosecutrix, seventeen years of age, testified that at about 9:00 P. M. she left her home with the defendant in a truck. She agreed to go with him to show him a place where he could buy some cigarettes. Against her will and constant protest he carried her to a secluded place and there had forced sexual intercourse with her on two occasions. She related and detailed acts and conduct on the part of the appellant and facts and circumstances relating to her unsuccessful resistance to his approaches. This proof was sufficient to support the verdict of the jury and the judgment of the court. Shepherd v. State, 135 Ala. 9, 33 So. 266; Stephenson v. State, 35 Ala.App. 379, 48 So.2d 255; Stone v. State, 243 Ala. 605, 11 So.2d 386; Moore v. State, 30 Ala.App. 552, 9 So.2d 146; Bennett v. State, 31 Ala.App. 435, 18 So.2d 291.

The appellant testified that he had only one act of sexual intercourse with the young lady in question and this was with her consent, or at least not against any avowed protest or unwillingness to the relationship on her part.

We are clear to the conclusion that the court should not be cast in error in overruling the motion for a new trial on the stated ground that the verdict was contrary to the great weight of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

Appellant's brief is devoted primarily to the insistence that it was error for the court to admit evidence of facts and circumstances relating to the second act of sexual intercourse. The position is pressed that the State elected to base the prosecution on the first act when evidence was introduced relating thereto, and it should have been held to that election.

According to the testimony of the prosecutrix the defendant stopped his truck beside the road because it was out of gas,

At this time the first act of sexual intercourse occurred. The couple left the truck and went to the home of appellant's father, which was not a great distance away. There some gas was procured' and the couple returned to the parked truck. The vehicle was started and driven to another secluded place. At the latter place the second sexual intercourse was consummated by force and without the consent of the witness.

The record does not make clear the space of time that intervened between the two occurrences, but it was not more than an hour, if that long.

The question of instant concern is raised in this manner: The prosecutrix detailed the circumstances incident to the second occasion; this without objection by appellant's attorney with the following exception:

"Q. Did he put his private part in your private part on the truck?

"Mr. Mulkey: We object.

"The Court: Overrule it.

"Mr. Mulkey: We except."

We entertain serious doubt that the question of election is properly or sufficiently presented for our review. There was no motion to compel the State to elect, and the general objection to the evidence went to a very fragmentary part of the testimony relating to the circumstances of the second occurrence.

The following authorities treat the doctrine of election. Barefield v. State, 14 Ala.App. 638, 72 So. 293; Skinner v. State, 36 Ala.App. 434, 60 So.2d 363; Breeding v. Commonwealth, 191 Ky. 128, 229 S.W. 372; State v. Hamilton, 263 Mo. 294, 172 S.W. 593.

We will rest our conclusion of the question on another approach.

■ We think and hold that the evidence which was allowed over appellant's objections supported the elements of intent, motive, and non consent in relation to the circumstances incident to the first act of sexual intercourse.

The jury was faced with the task of deciding whether the young lady surrendered her body voluntarily to the sexual desires of the defendant as he claimed, or whether she was forced to do so as she claimed.

The conduct of the accused with which we are presently concerned was not so far removed in point of time or disconnected with the association of the couple during the period to cause it to lose its probative value in support of proof of the offense charged in the indictment. Cheatwood v. State, 26 Ala.App. 440, 162 So. 403; Newton v. State, 32 Ala.App. 640, 29 So.2d 353; Gassenheimer v. State, 52 Ala. 313.

■ When the young lady reached her home the next morning she made complaint to her father and mother. Her clothing at the time was torn and bloody. This wearing apparel was retained by the mother and introduced in evidence. Before the introduction of these articles proof was made that they were in the same condition as of the time the young lady took them off. Under the following authorities the introduction of these exhibits was without error. Puckett v. State, 213 Ala. 383, 105 So. 211; Smith v. State, 248 Ala. 363, 27 So.2d 495; Fowler v. State, 36 Ala.App. 385, 56 So.2d 687.

It may be noted that our examination of these garments is precluded because they were not sent up to this court.

■ It appears without dispute that the defendant left the state soon after the time of the alleged offense and was finally arrested in Florida about eighteen months later. The evidence relating to this absence and the efforts made by the officers to find the accused was pertinent and admissible on the material issue of flight. Pruett v. State, 33 Ala.App. 491, 35 So.2d 115; Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111.

The few remaining presented questions to which we have not responded do not merit any discussion.

The judgment below is ordered affirmed.

Affirmed.