240 So.2d 696

**Ralph BLACKMON and Jimmy Cox**

**v.**

**STATE.**

**5 Div. 5.**

Court of Criminal Appeals of Alabama.

Sept. 1, 1970.

Rehearing Denied Oct. 6, 1970.

Hooton & Hooton, Roanoke, for appellants.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellants Blackmon and Cox were indicted separately under Title 14, § 399, Code of Alabama 1940, for carnal knowledge of a girl over twelve and under sixteen years of age. By agreement, the two cases were consolidated for trial and, by separate verdicts, the two defendants were convicted and sentenced to two years in the penitentiary.

The prosecutrix, Deborah Ann Miles, testified that she saw the appellants at the City Cafe in Roanoke one Thursday afternoon in February, 1968, and went for a ride with them in their car; that she stayed with them throughout the afternoon and the following night. She stated that each of the appellants had sexual intercourse with her on at least two separate occasions during the night.

Appellants admit being out with her on this occasion, but both deny having sexual intercourse with her.

Whether the prosecutrix consented to have sexual intercourse or not is immaterial to this offense. Bedsole v. State, 28 Ala.App. 27, 177 So. 308; Osborn v. State, 36 Ala.App. 403, 56 So.2d 786. Likewise, the fact that appellants' convictions rest upon her uncorroborated testimony is of no consequence. Durham v. State, 1 Div. 6, Ala.Cr.App., MS November 25, 1969.

There was some conflict in the testimony of the State's witnesses as to the exact date on which the alleged offense occurred.

The prosecutrix testified that it was during the night of February 8, 1968, whereas her mother and two investigators who had interviewed her the morning following the alleged offenses testified that it was the night of January 31, 1968.

Appellants contend that the testimony of the prosecutrix constituted an election by the State and that it was error to admit testimony concerning what happened before the night of February 8. There was no effort on the part of the State to prove more than one nightly excursion. Therefore, we view this as merely contradictory evidence of the same facts.

Appellants further contend that the State failed to prove venue in Randolph County. Appellants testified that they took the prosecutrix to an empty house in or near Pinton in Chambers County, parked the car and sat in it all night until early morning when they returned to Roanoke.

The prosecutrix, however, testified that appellants took her to three different barns and a house during the course of the evening; that at the third barn they visited that night she was not sure wheth-

er it was in Randolph County or not and then later said that it was in Randolph County. At this barn, she testified that both appellants had sexual intercourse with her. From this barn, the three then went to the home of Dorothy Denton, a relative of both appellants and with whom the appellants lived. At the Denton house, which was in Randolph County, both appellants again had sexual intercourse with her.

Thus there was evidence that in two places there was sexual intercourse with the appellants in Randolph County. If believed, this was more than adequate to prove venue.

Appellants contend that there was a variance because the indictment charged them with carnal knowledge of "Debra Miles" whereas on the trial of the cause the proof showed her name to be "Deborah Ann Miles." They further contend that the prosecutrix's last name at the time the indictments were returned and at the time of the trial was not "Miles" as charged in the indictment but "Vaughn." Evidence of her marriage subsequent to the time the crime was committed and before indictment was offered on motion for a new trial.

The names "Debra" and "Deborah" are idem sonans, which means they have the same sound but are varied in spelling. Frazier v. State, 19 Ala.App. 322, 97 So. 251; Clements v. State, 19 Ala.App. 640, 99 So. 832; Rooks v. State, 83 Ala. 79, 3 So. 720. Mistake in a middle name or its entire omission from the indictment is immaterial. *Rooks*, supra; James v. State, 246 Ala. 617, 21 So.2d 847.

The rule requiring the name of the victim to be alleged in the indictment has a practical aim, to-wit: to identify and give notice to the defendant. If these requirements are met, no substantial injury results. Vaughn v. State, 236 Ala. 442, 183 So. 428. Here the record reflects no confusion over the prosecutrix's identity whatsoever. For a variance such as this to be material, it must be such as to be misleading or substantially injurious to the accused in making his defense. Helms v. State, 40 Ala.App. 622, 121 So.2d 104, cert. denied, 270 Ala. 603, 121 So.2d 106. On the question of prosecutrix's marriage see *Vaughn*, supra; Hollis v. State, 37 Ala.App. 453, 70 So.2d 279.

At the trial, the prosecutrix and her mother testified that she was thirteen years old at the time the alleged crime was committed. Appellants attached to their motion for a new trial, as Exhibit "1," a marriage license record from Tallapoosa County certifying that Deborah Ann Miles and Jimmy Allen Vaughn were married August 5, 1968. One of the forms in Exhibit "1," signed by the applicant, Jimmy Vaughn, indicates that the prosecutrix was born on August 6, 1951. This form was not signed by the prosecutrix. This exhibit also included a consent to marriage form signed by the prosecutrix's mother certifying that the prosecutrix was under 18 years of age. This consent form is in no way inconsistent with the prosecutrix's mother's testimony at the trial. The fact that the prosecutrix's groom certified her age to be different than what she testified at trial is not sufficient impeaching evidence to require the trial judge to set aside the judgment of conviction. The general rule is that newly discovered evidence which goes merely to credibility of witnesses does not authorize a new trial. Ala. Digest, Criminal Law, Key #942(1) (2).

Furthermore, there was no showing that appellants used reasonable diligence in discovering this information. Smith v. State, 23 Ala.App. 488, 128 So. 358, cert. denied, 221 Ala. 217, 128 So. 359.

The judgment appealed from is, therefore, due to be and the same is hereby

Affirmed.